**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, Maricopa County Branch and NATIONAL ASIAN PACIFIC AMERICAN WOMEN'S FORUM, | No. 13-17247 |
| | D.C. No. 2:13-cv-01079-DGC |
| Plaintiffs - Appellants, | |
| | MEMORANDUM[*] |
| v. | |
| TOM HORNE, Attorney General of Arizona, in his official capacity; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 9, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,[**] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

Plaintiffs National Association for the Advancement of Colored People, Maricopa County Branch, and National Asian Pacific American Women's Forum appeal the district court's dismissal of their action challenging, under the Fourteenth Amendment, the Susan B. Anthony and Frederick Douglass Prenatal Nondiscrimination Act of 2011, codified at sections 13-3603.02 and 36-2157 of Arizona Revised Statutes. The district court concluded that Plaintiffs' alleged injury – the stigmatizing effect of the statutes on Plaintiffs' members – was insufficient to support standing and accordingly granted Defendants' motion to dismiss. We affirm.

Under *Allen v. Wright*, 468 U.S. 737 (1984), the "stigmatizing injury often caused by racial discrimination" is a sufficient basis for standing "only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct." *Id.* at 755 (quoting *Heckler v. Mathews*, 465 U.S. 728, 739-40 (1984)). Plaintiffs have not alleged that their members were personally denied equal treatment under *Allen*, as stigmatic injury caused by being a target of official discrimination is not itself a personal denial of equal treatment. *See* 468 U.S. at 755.

Plaintiffs purport to present an alternate basis for standing resulting from being "the targets of . . . discriminatory intent."  That theory is a mere repetition of Plaintiffs' stigmatic injury, which does not support standing.

**AFFIRMED.**